IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LOGIUDICE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-3307-CV-S-RED |
| | ) | |
| MITSUBISHI MOTORS NORTH AMERICA, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is Plaintiffs' Motion for New Trial (#147). After careful consideration, the Court **DENIES** plaintiffs' motion.

## BACKGROUND

Plaintiffs sued defendant on products liability theories claiming that the seat belt in their Mitsubishi Lancer Evolution VIII should not have broken during an accident. A jury trial was held on March 26, 2007. Over plaintiffs' objection, the Court admitted evidence at trial that the seat belts in the Mitsubishi Lancer Evolution VIII had been tested and were certified as complying with Federal Motor Vehicle Safety Standards ("FMVSS"). The Court also gave a limiting instruction regarding the FMVSS compliance evidence.

The jury returned a verdict for defendant. Plaintiffs filed the pending motion requesting a new trial. Plaintiffs claim that the Court erred in admitting evidence that the vehicle complied with FMVSS requirements. Plaintiffs specifically argue that (1) the testing and compliance evidence is hearsay and not within an exception to the hearsay rule, (2) the test results were not disclosed in discovery, (3) FMVSS compliance is not a defense to a strict liability case and defendant did not plead FMVSS compliance as an affirmative defense, and (4) the limiting instruction was not

sufficient to overcome the prejudice caused by admitting the evidence.

## DISCUSSION

### *The FMVSS testing and compliance evidence was properly admitted as a record of regularly conducted activity.*

Federal Rule of Evidence 803(6) provides that hearsay is admissible as a record of regularly conducted activity if it meets the following requirements:

(1) A memorandum, report, record, or data compilation . . .,
(2) made at or near the time
(3) by, or from information transmitted by, a person with knowledge,
(4) if kept in the course of a regularly conducted business activity,
(5) and if it was the regular practice of the business activity to make the memorandum, report, record, or data compilation,
(6) all as shown by the testimony of the custodian or other qualified witness.

"It is not necessary . . . that the declarant be present if the knowledge of the custodian of the record demonstrates that a document has been prepared and kept in the course of a regularly conducted business activity." *U.S. v. Pfeiffer*, 539 F.2d 668, 671 (8th Cir. 1976) (affirming trial court's admission of delivery invoices offered through a witness who did not have personal knowledge about preparation of the invoices). Moreover, business records are admissible even if the above requirements are not satisfied if they are "otherwise . . . trustworthy." *Id.*

Plaintiffs argue that Jorgen Weterrings, the witness used to authenticate the documents evidencing FMVSS testing and compliance for the Mitsubishi Lancer Evolution VIII, could not and did not provide a sufficient foundation for the documents. Weterrings testified at trial as defendant's corporate representative. As such, he was clearly qualified to lay the foundation for defendant's business records.

Plaintiffs argue, however, that the record was not defendant's business record. Rather, it was

2

Mitsubishi Motors Corporation's[1] business record. Weterrings contradicted this argument when he testified as follows:

> Q [The FMVSS testing is] done in the normal, regular, and ordinary course of *your* business, correct?
>
> A That's correct.
>
> Q And the test reports are provided to you and they are maintained in the normal, regular, and ordinary course of *your* business?
>
> A Yes, that's correct.

Weterrings clarified that the testing was done and the records maintained in the ordinary course of defendant Mitsubishi Motors North America's business. Accordingly, the testing and compliance evidence was properly admitted as a record of a regularly conducted business activity.

***The FMVSS testing and compliance evidence was disclosed to plaintiffs during discovery.***

Plaintiffs argue that the FMVSS testing and compliance evidence was not sufficiently disclosed during discovery. Plaintiffs admit, however, that the FMVSS documents were available at Debra Marth's deposition. The Court held a telephone conference months before trial in which defendant indicated that it had sent the FMVSS testing and compliance documents to plaintiffs. Plaintiffs have not demonstrated that defendant failed to disclose the FMVSS evidence during discovery.

***FMVSS compliance is not an affirmative defense and was not treated as such at trial.***

Plaintiffs argue that the Court incorrectly treated defendant's compliance with FMVSS as an affirmative defense. "If the defense involved is one that merely negates an element of the plaintiff's

---

[1] Mitsubishi Motors Corporation is located in Japan. It is a separate entity from the defendant in this case, Mitsubishi Motors North America.

3

prima facie case it is not truly an affirmative defense." *Sanden v. Mayo Clinic,* 495 F.2d 221, 224 (8th Cir. 1974). The Court did not instruct the jury, and defendant did not argue, that if defendant proved FMVSS compliance the jury should find for defendant. Rather, the Court instructed the jury as follows:

> Evidence of the manufacturer's compliance with Federal Motor Vehicle Safety Standards may be considered by you only on the issue of whether the seatbelt is defective and unreasonably dangerous. It may not be considered for any other purpose. The Federal Motor Vehicle Safety Standards are minimum standards although compliance with them is required. Therefore, such compliance, in and of itself, does not require you to find that the seat belt was not defective.

The Court treated defendant's FMVSS testing and compliance as evidence on the issue of defect. Because defect is one of the elements of plaintiffs' strict liability claim, FMVSS compliance was correctly treated as evidence negating plaintiffs' claim and not an affirmative defense.[2]

Plaintiffs also argue that defendant failed to plead FMVSS compliance as an affirmative defense under Rule 8(c). As discussed above, however, FMVSS compliance is not an affirmative defense, and defendant was not required to affirmatively plead it under Rule 8(c).

### *The limiting instruction was sufficient to instruct the jury about how to use the FMVSS testing and compliance evidence.*

Plaintiffs argue that, even if the FMVSS testing and compliance evidence was relevant, it should have been excluded because it created a substantial danger that the jury would believe that defendant had no obligation beyond FMVSS compliance. The Court's limiting instruction, however, appropriately allayed the danger of juror confusion.

Plaintiffs also argue that the Court's limiting instruction was not sufficient in that its last

---

[2] To the extent plaintiffs argue that the evidence was not relevant to negate their strict liability claim, the Court addressed those arguments when ruling the parties' pre-trial motions. The Court stands by its prior decision for the reasons previously stated.

4

sentence contained a double negative. Plaintiffs' counsel objected to the double negative before the Court instructed the jury at the close of evidence. However, plaintiffs' counsel failed to proffer alternative language when asked to do so. Moreover, the double negative does not render the instruction confusing, and the sentence including the double negative was used to avoid more confusing language that defendant included in its proffered limiting instruction.

## CONCLUSION

For the reasons stated above and for the reasons stated in defendant's suggestions, plaintiffs' Motion for New Trial (#147) is **DENIED**.

**IT IS SO ORDERED**.

DATE:  May 9, 2007   */s/ Richard E. Dorr*
　　　　　　　　　　　　　　　　RICHARD E. DORR, JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT